VICTORIA LOVELL LAA *v.* JOAQUINA TEXEIRA, KAHUAKAINUI HELEKAHI, EDWARD KEALOHA, PAULINE HONNA AND JOHN APUPAU.

No. 1907.

SUBMITTED OCTOBER 11, 1929.            DECIDED OCTOBER 24, 1929.

PERRY, C. J., BANKS AND PARSONS, JJ.

148

OPINION OF THE COURT BY PERRY, C. J.

Petitioner brought a suit in equity for partition. Hele-kahi, one of the respondents, filed an answer and the case was set for trial on a day certain. On the day upon which by continuance the trial was to be commenced the petitioner, before trial, filed a discontinuance, with leave of court first had and obtained. On the same day Helekahi presented a bill of costs and, with the exception of two items, the same was allowed by the trial judge and judgment for the costs was entered against the petitioner and in favor of Helekahi. No appeal was taken from the disallowance of the two items but petitioner appeals from the ruling and judgment taxing certain other items as costs.

It is a contention of the petitioner that upon the filing of the discontinuance the court lost all jurisdiction in the case, even in the matter of taxation of costs. This contention cannot be sustained. While it is true that after a discontinuance by leave of court there is no jurisdiction to enter judgment upon the merits, this does not apply to matters incidental and necessary to a closing of the case. It is always within the power of the court to pass upon questions relating to costs, whatever the final disposition of the case may be.

That costs should generally be awarded in favor of the defendant when a plaintiff discontinues there can be no doubt. "As a general rule, where plaintiff voluntarily dismisses or discontinues his action, defendant is entitled to

costs." 15 C. J. 68. "As the legal effects of a nonsuit and a discontinuance are practically the same, so the practice in respect to the awarding of costs thereon is similar. Thus, as a general rule, applicable as well to equity as law, a plaintiff will not be allowed to discontinue a suit, except upon the payment of all costs incurred by the defendant up to the time of the discontinuance." 5 Ency. Pl. & Pr. 126.

Three of the items allowed as costs are for mileage and fees of witnesses. The statutory provision on this subject is: "The pay of witnesses shall be as follows: Every witness attending and testifying upon the trial of any civil cause, in any court, shall be paid the sum of two dollars ($2.00) for each day's attendance in court, and traveling expenses at the rate of twenty cents a mile each way. The fees of witnesses shall be taxable items in the bill of costs to be paid by the losing party." Sec. 2549, R. L. 1925, as amended by Act 24, L. 1925. In *Scott* v. *Kona Development Co.*, 21 Haw. 408, 422, under a statute reading that "every witness subpoenaed and attending upon the trial of any civil cause" should be paid a stated sum per day and traveling expenses, this court held that an item for traveling expenses of witnesses was not taxable because the witnesses had not been subpoenaed. It said: "This statutory provision is exclusive. The only witnesses entitled to be reimbursed for their traveling expenses are those within the class there named, that is to say, those who have been subpoenaed. The language used is in this respect clear and unambiguous. The class cannot be enlarged by construction to include those not subpoenaed." In the statute now before us the language is equally clear. It is only with respect to witnesses "attending *and testifying*" that the mileage and fees are taxable items in the bill of costs. The witnesses named in the present bill of costs were subpoenaed but did not

150

testify. There was no trial, because of the discontinuance. The statute cannot be enlarged by construction. If the provision is unwise, the power of amendment lies with the legislature.

Objection is also made to the allowance of an item of $12.50 for "five certified copies of deeds." This item was sworn to as an "actual and necessary disbursement" made by respondent by way of preparation for the trial. Section 2542, R. L. 1925, authorizes the taxation as costs of "all actual disbursements sworn to by an attorney and deemed reasonable by the taxing officer." The trial judge found that this expenditure was reasonably made in preparation for the trial. It cannot be said that there was any abuse of discretion in the ruling.

The three items for witness' fees and mileage are disallowed. In all other respects the ruling appealed from is affirmed. The cause is remanded to the circuit judge with instructions to enter an amended judgment in accordance with these views.

*E. Vincent* for petitioner.

*W. F. Crockett* and *Wendell F. Crockett* for respondent-appellee.